1  KENNETH C. GREGORY (Bar No.: 224934)
   kgregory@socal-law.com
2  **GREGORY & RHEA, LLP**
   777 E. Tahquitz Canyon Way, Suite 338
3  Palm Springs, California 92262
   Tel: 760.322.3001
4  Fax: 760.322.3002

5  Attorneys for Plaintiffs:
   CAROLE KRECHMAN and SHELDON KRECHMAN
6

7          **UNITED STATES DISTRICT COURT**
8          **CENTRAL DISTRICT OF CALIFORNIA**

9

10 CAROLE KRECHMAN, Individually and       Case No.: **CV 10 - 08705 ODW (DTBx)**
   as the Personal Representative of
11 Robert Albert Appel, deceased; and,

12 SHELDON KRECHMAN, an Individual,        **COMPLAINT FOR DAMAGES**
                                           1. Wrongful Death
13                                            [42 U.S.C. §1983]
                Plaintiffs,
14                                         2. Survival Action
                                              [42 U.S.C. §1983]
15 v.

16 COUNTY OF RIVERSIDE, a Municipality;   3. Deprivation of the Rights of Plaintiff to
                                             Familial Relationships with Decedent
17                                           [42 U.S.C. §1983]
   RIVERSIDE COUNTY SHERIFF'S
18 DEPARTMENT; a public agency;           4. Battery

19                                         5. Negligence
   DEPUTY R. GARCIA (ID# 4504);
20                                         6. Negligent Hiring, Training,
   DEPUTY M. ALFARO (ID# 3485);              Supervision, and Retention
21
   DEPUTY S. DUSEK (ID# 3495);            7. Negligent Infliction of Emotional
22                                           Distress
   DEPUTY E. CHACON (ID#4505); and
23                                         8. Special, General, and Punitive
   DOES 1 through 10, inclusive,             Damages; Attorney Fees
24
25                Defendants.             **JURY TRIAL DEMANDED**

26

27

28

## JURISDICTION AND VENUE

1.    Jurisdiction is vested in this court under 28 U.S.C. §§1331 and 1343 for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §§1983 and 1985 and supplemental jurisdiction under 28 U.S.C. §1367(a) over related claims under California State law.

2.    Venue is proper in the Central District of California under 28 U.S.C. §§1391(a) and (b). The acts and omissions complained of occurred in the Central District of California, one or more of the Defendants resides herein, and all Defendants are believed to reside in the State of California.

## PARTIES

3.    Plaintiff, CAROLE KRECHMAN, the natural mother of decedent ROBERT APPEL, brings this action on her own behalf and on the behalf of Decedent and as his successor in interest; Plaintiff SHELDON KRECHMAN brings this action on his own behalf as the step-father of Decedent.

4.    Plaintiffs, CAROLE KRECHMAN and SHELDON KRECHMAN, are entitled to bring this action under California Code of Civil Procedure § 377.60(a). A declaration designating Plaintiff CAROLE KRECHMAN as successor in interest  to ROBERT APPEL and a true and correct copy of the death certificate for Decedent, as required by California Code of Civil Procedure §377.32, will be submitted when available.

COMPLAINT FOR DAMAGES

5.      Defendant, COUNTY OF RIVERSIDE, is a legal and public entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors, their agents and officers. Defendant, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "RSO"), is a public agency and department of the COUNTY OF RIVERSIDE. Timely claims for damages were filed by all plaintiffs with the COUNTY OR RIVERSIDE in compliance with California Government Code §910, *et seq*. As of the date of filing this Complaint, all of the plaintiff's claims have been denied.

7.      Defendant, DEPUTY R. GARCIA (ID# 4504),  is employed by the COUNTY OF RIVERSIDE and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT as a law enforcement officer. In doing the acts herein alleged, DEPUTY GARCIA acted within the course and scope of his agency and employment, and under color of state law.

8.      Defendant, DEPUTY M. ALFARO (ID#3485),  is employed by the COUNTY OF RIVERSIDE and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT as a law enforcement officer. In doing the acts herein alleged, DEPUTY ALFARO acted within the course and scope of his agency and employment, and under color of state law.

9.      Defendant, DEPUTY S. DUSEK (ID#3495),  is employed by the COUNTY OF RIVERSIDE and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT as a law enforcement officer. In doing the acts herein alleged, DEPUTY

3

DUSEK acted within the course and scope of his agency and employment, and under color of state law.

10.     Defendant, DEPUTY E. CHACON (ID# 4505),  is employed by the COUNTY OF RIVERSIDE and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT as a law enforcement officer. In doing the acts herein alleged, DEPUTY CHACON acted within the course and scope of his agency and employment, and under color of state law.

11.     Plaintiff's are unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendant's true names and capacities when that information becomes known to them. Plaintiff's allege that these DOE Defendants are legally responsible and liable of the incident, injuries and damages herein set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligence, careless, deliberately indifferent, intentional, willful or wanton misconduct, including negligent careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicious fault or breach of duty arising out of the matters herein alleged.

## FACTS COMMON TO ALL COUNTS

12.     On May 15, 2010, in or near the City of Palm Desert, in the County of Riverside, State of California, Riverside County Sheriff's Deputies R. Garcia, M. Alfaro,

4

S. Dusek, E. Chacon, and other DOE Defendants, acting in the course and scope of their employment with the COUNTY OF RIVERSIDE and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, assaulted, battered, and beat ROBERT APPEL to death. Defendants have not released any reports identifying the names of other DOES involved in the murder of ROBERT APPEL. This Complaint, therefore is necessarily based on information and belief and may need to be amended after Defendants provide further information about the incident herein alleged.

## A. GENERAL ALLEGATIONS OF POLICY AND PRACTICE

13.     At all times herein, Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT employed the individual Defendants and provided them with official badges and identification cards which designate and describe them as employees of the COUNTY OF RIVERSIDE with authority to enforce the laws of the State of California.

14.     Plaintiffs allege that Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT adopted, maintained, and enforced policies, practices customs and procedures that caused the other defendants to violate the constitutional rights of Robert Appel and plaintiffs.

15.     Authorized policy makers for Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT adopted, authorized, encouraged, ratified and caused the Sheriff's deputies to use unnecessary, unreasonable force and deadly force under circumstances where such force was not legally justified and where

5

clearly established law prohibited police officers from using such force or such amount of force.

16.     Defendants, COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and their decision makers, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of the decedent, plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things;

a.      Subjecting people to unreasonable uses of force against their persons;

b.      Selecting, restraining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

c.      Failing to adequately train, supervise, and control employees in the dangers of repeated physical force including, without limitation, the use of potentially lethal tactics, including  physical beatings with fists, knees and elbows, for detaining or the taking into custody of persons such as Robert Appel, who are perhaps in need of medical attention, but not otherwise engaged in criminal activity, and who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

d.      Failing to adequately discipline officers involved in misconduct; and

e.      Condoning and encouraging officers in the belief that they can violate the rights of persons such a decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

6

COMPLAINT FOR DAMAGES

17.     With knowledge or constructive knowledge that its deputies were prone to use excessive force, Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT failed to adequately investigate, discipline, train, direct or assign its deputies in a manner to prevent their use of excessive force, and failed to adopt policies, practices, customs, or procedures to identify deputies who were prone to use excessive force or to take any action to prevent future instances of such use of force.

18.     These policies, practices, customs, and procedures of Defendants COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT were a substantial factor causing the violation of Robert Appel's and plaintiffs' rights, and caused the injuries complained herein.

## B.   ALLEGATIONS REGARDING DEFENDANTS' USE OF UNREASONABLE FORCE

19.     Both prior to and at the time Robert Appel was fatally beaten by Defendant Deputies, he posed no reasonable threat of serious injury to any officer or to any individual, and made no movement or statement which would suggest to a reasonable officer the he posed such a threat.

20.     Defendant Deputies were not faced with any circumstances or information which would have led a reasonable police officer to believe that Robert Appel posed the risk of death or serious bodily injury to any person, or to believe that the use of deadly force was justified.

7

21.     The force used against Robert Appel by Defendant Deputies was unreasonable, excessive and deadly.

22.     Defendants' use of excessive force was a substantial factor causing the injury, death, and loss to Robert Appel and causing injuries and loss to plaintiffs.

## C. ALLEGATIONS REGARDING THE DEATH OF ROBERT APPEL

23.     On or about May14, 2010, at approximately 2227 hours, Defendant Deputies responded to a 9-1-1 hang up call and contacted Decedent Robert Appel in the front yard of the residence  unarmed.

24.     Defendant Deputies decided to arrest Robert Appel for unknown and unreported crimes. Defendant Deputies became physically confrontational and, according to the Coroner's Investigative Report, used "hammer blows"  against Robert Appel in the process of placing him in handcuffs. The Coroner report describes other injuries consistent with a beating including but not limited to abrasions to decedent's cheek and chin, bruising above decedents left eye, and discoloration to decedent's right torso. Robert Appel was not under the influence of alcohol and/or drugs.

25.     After the forceful blows, Robert Appel immediately became unresponsive. Robert Appel was transported to Eisenhower Medical Center in Rancho Mirage where he died from his injuries. The Coroner classified the death as a "Homicide."

///

///

///

8

**D.  ALLEGATIONS REGARDING DAMAGES**

26.     Plaintiff's have lost support, decedent's love, comfort and society, and have sustained emotional distress, all in amounts in accordance with proof. Plaintiffs have incurred burial and other related expenses. Decedent Robert Appel, a licensed attorney, sustained general damages, including the loss of enjoyment of his life, in an amount in accordance with proof.

27.     The conduct of the individual defendants was willful, malicious, oppressive and in reckless disregard for the constitutional rights of plaintiffs and the decedent himself, thus justifying punitive damages against the defendants (except the immune entity defendants) in an amount in accordance with proof.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983- WRONGFUL DEATH

(Against All Defendants)

28.     Plaintiffs repeat and reallege that allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporate the same herein by reference.

29.     Defendants, acting under color of state law, deprived Robert Appel (hereinafter "Decedent") of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the decedent to an

9

unlawful seizure and the use of excessive force; and acting with deliberate indifference to the Decedent's life.

30.     The foregoing wrongful acts of defendants killed Decedent.

31.     Plaintiffs are proper parties with standing pursuant to California Code of Civil Procedure §377.60 (incorporated herein by virtue of 42 U.S.C. §1988), to pursue Decedent's remedies for wrongful death, including pecuniary loss and other compensable injuries resulting from the loss of society, comfort, attention, services, and support of Decedent.

32.     As a further proximate result of the acts of defendants, and each of them as alleged above, plaintiffs have incurred expenses, including funeral and burial expenses, in an amount in accordance with proof.

33.     In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of decedent and plaintiffs the wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

///

///

///

10

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983- SURVIVAL ACTION

(Against all Defendants)

34.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 33 of this Complaint, and incorporate the same herein by reference.

35.     Plaintiff, CAROLE KRECHMAN, brings this claim for relief in her capacity as the successor in interest and personal representative of Decedent, for whom there is no estate opened.

36.     The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the plaintiff with respect to his claim for the relief had he lived.

37.     Defendants, acting under color of state law, deprived Decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the decedent to an unlawful seizure and the use of excessive force; and acting with deliberate indifference to Decedent's life.

38.     The forgoing wrongful acts of defendants killed Decedent.

39.      As a proximate result of the foregoing wrongful acts of defendants, and each of them, Decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

40.     In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Decedent. The wrongful

acts, and each of them, were willful, oppressive, fraudulent, and malicious thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983-

## DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT

### (Against all Defendants)

41.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 40 of this Complaint, and incorporate the same herein by reference.

42.     Defendants, and each of them, acting under color of state law, deprived plaintiffs of their rights to familial relationships in violation of the Fourth Amendment and without due process of law in violation of the Fourteenth Amendment by use of unreasonable, unjustified for and violence, causing injuries which resulted in Decedent's death, all without provocation, and all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

43.     As a proximate result of the foregoing wrongful acts of defendants, and each of them, plaintiffs sustained general damages, including grief, emotional distress and pain and suffering and loss of comfort and society, and special damages, including loss of support, in an amount in accordance with proof.

12

44.     In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in and amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CAUSE OF ACTION

### BATTERY

(Against Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive)

45.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 44 of this Complaint, and incorporate the same herein by reference.

46.     Defendants assaulted the battered the decedent, causing his death.

47.     As a direct and proximate cause of the aforementioned acts of defendants, Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive, decedent and plaintiffs were injured as set forth above, and are entitles to compensatory and punitive damages according to proof.

///

///

///

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

(Against All Defendants)

48.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 47 of this Complaint, and incorporate the same herein by reference.

49.     By virtue of the foregoing, defendants, and each of them owed decedent and plaintiff a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent proximately cause his death.

50.     As a direct and proximate cause of the aforementioned acts of defendants, and each of them, decedent and plaintiffs were injured as set forth above, and are entitled to compensatory damages according to proof.


## SIXTH CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

(Against Defendants County of Riverside, Riverside County Sheriff's Department and DOES 1 through 10, inclusive)

51.     Plaintiff repeats and reallege the allegations contained in Paragraphs 1 through 50 of this Complaint, and incorporates the same herein by reference.

52.     On and for some time prior to May 14, 2010, defendants COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and Does 1 through 10, inclusive, negligently and carelessly employed, retained, supervised, assigned, controlled, and negligently and carelessly failed to adequately discipline defendant

14

Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive, with knowledge at all times material hereto, or in the exercise of reasonable care defendants COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and Does 1 through 10, inclusive, should have known that on and prior to May 14, 2010, defendant Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive, had a propensity for using unnecessary, unreasonable or excessive force, misusing equipment, and for falsifying their accounts and reports, especially where force was used by said defendants.

53.     By reason of the afore-described negligence and carelessness of defendants COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and Does 1 through 10, inclusive, decedent and plaintiff sustained the injuries and damages herein-above described and complained of.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

54.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 54 of this Complaint, and incorporates the same herein by reference.

55.     Plaintiffs Carole Krechman and Sheldon Krechman were close family relations to decedent Robert Appel.

56.     Plaintiff Carole Krechman was the natural mother of Robert Appel.

COMPLAINT FOR DAMAGES

57.     Plaintiff Sheldon Krechman is the husband of Plaintiff Carole Krechman, and had close, personal and continual relations with Robert Appel as Decedent's step-father.

58.     All Plaintiffs have suffered serious emotional distress as their call for medical assistance to assist Decedent ended in actions by defendant Deputies that shocks the conscience of reasonable persons.

59.     The negligent conduct of defendant Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive, was a substantial factor in causing serious emotional distress to each of the plaintiffs.

60.     Defendant Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive, infliction of sever emotional distress on plaintiffs was caused by defendant COUNTY OF RIVERSIDE and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT'S acts and omissions in negligently hiring, traiing, supervising, employing, assigning, and managing defendant Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive.

61.     Defendants' acts and omissions were the proximate cause of plaintiffs' suffering serious emotional distress and financial loss.

## PUNITIVE DAMAGES

62.     The acts and omissions of defendant Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive, were done with malice and oppression and with conscience disregard of the likelihood that serious injury and death would be caused

16

to Robert Appel, with conscience disregard of the likely violations of Constitutional rights, and with conscience disregard of the loss and injury that would be caused to Plaintiffs. Plaintiffs therefore seek punitive damages from defendant Deputies R. Garcia, M. Alfaro, S. Dusek, E. Chacon and DOES 1-10, inclusive.

## JURY DEMAND

63.     Plaintiff's hereby demand that a jury be empanelled for the trial in this matter.

## PRAYER

WHEREFORE, plaintiffs  prays judgment against Defendants, and each of them, as follows:

1.      For loss of the love, comfort, society, solace and support or Robert Appel;

2.      For mental and physical pain and suffering and financial loss resulting from serious emotional distress;

3.      For burial and funeral expenses and medical and related expenses;

4.      For decedent Robert Appel's loss of enjoyment of life;

5.      For punitive damages against the individual defendants in an amount to be determined according to proof at trial;

6.      For attorneys' fees and expenses of litigation pursuant to federal and California law, including but not limited to 42 U.S.C. §1988, California Civil Code §52.1 and California Code of Civil Procedure §1021.5;

17

7.    For costs of suit; and

8.    For such other and further relief as the Court deems just and proper.

Dated:  ___11/12/2010___

**GREGORY & RHEA LLP**

By _____
KENNETH C. GREGORY
Attorneys for Plaintiffs
CAROLE KRECHMAN and
SHELDON KRECHMAN

18

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV10- 8705 ODW (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Kenneth C. Gregory [Bar No.: 224934]
kgregory@socal-law.com
GREGORY & RHEA LLP
777 E Tahquitz Canyon Way, Suite 338
Palm Springs, CA 92262
Tel: 760-322-3500
Fax: 760-322-3002

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLE KRECHMAN, Individually, and as the Personal Representative of Robert Albert Appel, deceased; and, SHELDON KRECHMAN, an Individual <br><br> PLAINTIFF(S) <br><br> v. <br><br> COUNTY OF RIVERSIDE, a Municipality; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; a public agency; DEPUTY R. GARCIA (ID# 4504); DEPUTY M. ALFARO (ID# 3485); DEPUTY S. DUSEK (ID# 3495); DEPUTY E. CHACON (ID#4505); and DOES 1 *through 10, inclusive* <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV <br> 10 - 08705 <br> ODW(DTBx) <br><br><br> **SUMMONS** |

TO:DEFENDANT(S): <u>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT;</u>
<u>DEPUTY R. GARCIA; DEPUTY M. ALFARO; DEPUTY S. DUSEK; and DEPUTY E. CHACON</u>

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Kenneth C. Gregory</u>, whose address is <u>777 E Tahquitz Canyon Way, Suite 338, Palm Springs, CA 92262</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                     **TERRY NAFISI**
                                     Clerk, U.S. District Court

Dated: ___NOV 15 2010___            By: _____
                                          Deputy Clerk

                                          *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

CAROLE KRECHMAN, Individually, and as the Personal Representative of Robert Albert Appel, deceased; and, SHELDON KRECHMAN, an Individual

**DEFENDANTS**

COUNTY OF RIVERSIDE, a Municipality; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; a public agency; DEPUTY R. GARCIA (ID# 4504); DEPUTY M. ALFARO (ID# 3485); DEPUTY S. DUSEK (ID# 3495); DEPUTY E. CHACON (ID#4505)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Kenneth C. Gregory [Bar No.: 224934]
GREGORY & RHEA LLP
777 E Tahquitz Canyon Way, Suite 338
Palm Springs, CA 92201
Tel: 760-322-3500 / Email: kgregory@socal-law.com

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C §1983: Civil Rights violated by law enforcement officers - fatal beating, unlawful use of force of Plaintiff's son.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☒ 440 Other Civil Rights | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

---

**FOR OFFICE USE ONLY:** Case Number:

CV 10 - 08705 ODW (DTBx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

NOV 15 2010

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes   NO

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes   NO

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   11/12/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com