LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLE KRECHMAN, individually and as successor-in-interest to Robert Albert Appel; and SHELDON KRECHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; DEPUTY R. GARCIA; DEPUTY M. ALFARO; DEPUTY S. DUSEK; DEPUTY E. CHACON , and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-08705 ODW (DTBx)<br><br>*Before the Honorable Otis D. Wright*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO LIMIT THE TESTIMONY OF DEFENSE EXPERT VILKE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>PTC:   December 19, 2011 at 2:30 p.m.<br><br>Trial:   January 3, 2012 at 9:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on December 19, 2011, at 2:30 p.m. or as soon thereafter as this matter may be heard before the above-entitled Court, Plaintiffs will and hereby do move the Court by way of this Motion In Limine No. 2 to limit the testimony of defense expert Gary Vilke at the trial of this matter.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel on November 22, 2011 during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: December 5. 2011        LAW OFFICES OF DALE K. GALIPO

By_____/s/ Dale K. Galipo_____
    Dale K. Galipo
    *Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiffs seek exclusion of various improper expert testimony set forth in the Rule 26 report of Gary Vilke, M.D., who has been retained by Defendants to opine about the cause of Decedent's death. Dr. Vilke is a Professor at the University of California, San Diego school of Medicine, and a Chief of Staff of the Department of Emergency Medicine at the University of California, San Diego Medical Center. Some of the opinions offered in Dr. Vilke's report however, reach beyond the scope of his expertise and are not based on sufficient facts or data. Specifically, Plaintiff seeks to exclude: (1) testimony that Decedent had undiagnosed renal failure prior to his death; (2) testimony that Decedent had a mental illness prior to his death; and (3) non-expert testimony about disputed facts. These opinions fail to meet the standard for expert testimony set forth under Federal Rule of Evidence 702. Accordingly, pursuant to *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702, this Court should exercise its "gatekeeping role" and exclude these impermissible opinions.

### Legal Standard

Parties may introduce expert testimony only if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." FED. R. EVID. 702. Under Rule 702, a witness qualifies as an expert if he or she possesses the requisite "knowledge, skill, experience, training, or education," and may testify as to his or her opinion only if the testimony is "reliable," meaning "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Importantly, under Rule 104(a), Defendants have the burden of establishing that the pertinent admissibility requirements for each proffered expert

opinion are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 176 (1987).

## Argument

Dr. Vilke is a Professor at the University of California, San Diego school of Medicine, and a Chief of Staff of the Department of Emergency Medicine at the University of California, San Diego Medical Center. While Dr. Vilke may be qualified to offer some medical opinions, "demonstrating that an expert has experience does not automatically render every opinion and statement by that expert reliable." *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1201 (11th Cir. 2010). If a witness is relying solely or primarily on experience, then the witness must explain "how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." The trial court's gatekeeping function requires more than simply "taking the expert's word for it." *Id.* (citing FED. R. EVID. 702, Advisory Committee Note, 2000 Amendment). Here, some of the opinions set forth in Dr. Vilke's Rule 26 report reach beyond the scope of Dr. Vilke's expertise and are not sufficiently reliable to be admissible.

**A. Dr. Vilke's Opinions Regarding Decedent's Alleged Undiagnosed Renal Failure**

Dr. Vilke opines, based on a single lab test conducted less than an hour before Decedent died, that Decedent had severe preexisting undiagnosed renal failure which caused his death. Dr. Vilke lacks sufficient facts or data to form any reliable opinion about whether Decedent had a kidney condition. None of Decedent's medical records contain any reference to a kidney condition, and the autopsy performed on Decedent's body revealed that Decedent's kidneys were normal. In light of the complete lack of other evidence that Decedent had preexisting kidney problems, Defendants cannot show that Dr. Vilke's testimony would be "based upon sufficient facts or data" as required by Federal Rule of Evidence 702. Dr. Vilke's

opinions also lack reliability because they transparently ignore obvious alternative explanations for the abnormal test for the elevated potassium level in Decedent's blood, such as hypoxic tissue damage caused by his violent altercation with the police. *See Claar v. Burlington N.R.R.*, 29 F.3d 499, 502 (9th Cir. 1994).

### B. Dr. Vilke's Opinions Regarding Decedent's Behavioral and Mental Health

Dr. Vilke offers a variety of highly speculative and highly prejudicial opinions regarding Decedent's behavioral health history. Dr. Vilke opines that Decedent had "underlying and undertreated paranoid psychosis." Galipo Decl. Ex. A (Rule 26 Report of Dr. Vilke) at 5. Dr. Vilke opines that Decedent had "a history of noted bizarre and paranoid behavior," and was considered by various persons to be "bizarre," "unstable," or "crazy." *Id.* at 7. Dr. Vilke further notes that possibly psychotropic medications were found in Decedent's house, but not in post-mortem urine toxicology. From this, Dr. Vilke speculates that Decedent may have been "a patient with underlying psychosis, who was intermittently on medications." *Id.*

None of these opinions will assist the trier of fact to understand the evidence or to determine a fact in issue. Decedent's alleged psychiatric history has no relevance to the liability inquiry in this case, which is based on whether the defendant deputies actions were reasonable under the facts and circumstances that confronted them during their encounter with Decedent. *See Graham v. Connor*, 490 U.S. 385, 397 (1989); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the [incident] is irrelevant and prejudicial."). Defendants are attempting to improperly admit, in the guise of expert testimony, otherwise inadmissible hearsay for the purpose of making an improper character attack on Decedent. *See* Fed. R. Evid. 404. This evidence is not admissible for any proper purpose and must be excluded.

Any minimal relevance to the evidence would be substantially outweighed by the danger of unfair prejudice to Decedent and to Plaintiffs. If Dr. Vilke's inflammatory testimony on this matter is admitted, the jury may incorrectly conclude that Decedent's alleged mental health or past "bizarre behavior" can be used to support the idea that Decedent violently resisted arrest on the night of the incident. *Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming inadmissibility of evidence about an excessive force plaintiff's mental illness and likelihood someone with that condition would act aggressively, because it would shift focus from plaintiff's actions to his condition). In sum, this evidence does not make a material disputed fact more likely, and would only serve to promote decision on an improper basis, and to distract the jury from the real factual dispute of what precise circumstances the defendant deputies confronted during the incident. Accordingly, the Court should exclude such evidence at trial.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion In Limine No. 2 and limit the testimony of defense expert Gary Vilke at the trial of this matter.

DATED: December 5. 2011        LAW OFFICES OF DALE K. GALIPO

                               By_____/s/ Dale K. Galipo_____
                                   Dale K. Galipo
                                   *Attorneys for Plaintiffs*